NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1728
_____

UNITED STATES OF AMERICA

v.

MICHAEL YOUNG,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-14-cr-00183-002)
District Judge: Honorable Michael M. Baylson
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 11, 2017

Before: HARDIMAN, SHWARTZ, and ROTH, *Circuit Judges*.

(Filed:  December 4, 2017)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Michael Young appeals his judgment of conviction under 18 U.S.C. § 924(c) for his participation in the armed robbery of a Philadelphia convenience store. We will affirm.

I[1]

In May 2015, Young was simultaneously convicted of Hobbs Act robbery, 18 U.S.C. § 1951(a), and using or carrying a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A). In this appeal, Young claims his Hobbs Act robbery conviction is not a crime of violence for purposes of § 924(c).

In *United States v. Robinson*, we recently held that a Hobbs Act robbery conviction qualifies as a crime of violence under § 924(c) when the convictions are contemporaneous. *See* 844 F.3d 137, 143–44 (3d Cir. 2016). This is so because, in those circumstances, the jury necessarily finds that the defendant used a firearm while committing Hobbs Act robbery. *Id.* at 144.

Just like Robinson, Young was found guilty of violating both the Hobbs Act and § 924(c). Because these charges were tried simultaneously before one jury, our inquiry "is not 'is Hobbs Act robbery a crime of violence?' but rather 'is Hobbs Act robbery

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. Because Young raises this issue for the first time on appeal, we review for plain error. *See United States v. Robinson*, 844 F.3d 137, 140 (3d Cir. 2016).

2

*committed while* [*using or carrying*] *a firearm* a crime of violence?'" *Id.* We held in

*Robinson* that "[t]he answer to this question must be yes." *Id.* The fact that Young used a

firearm instead of brandishing it (as Robinson did) does nothing to change this analysis.[2]

Accordingly, the District Court committed no error—plain or otherwise—in classifying

Young's Hobbs Act robbery as a crime of violence. For that reason, we will affirm

Young's judgment of conviction.

---

[2] While the defendant in *Robinson* was convicted of brandishing a firearm under § 924(c)(1)(A)(ii), the reasoning of that case extends to a § 924(c)(1)(A)(i) conviction where a jury finds that the defendant used or carried a gun. *See* 844 F.3d at 143–44.